LOBRANO, Judge.
Defendant, Mitchell White, was charged by bill of information with the November 19,1984 theft of goods valued at more than $500.00, a violation of La.R.S. 14:67.
Defendant was arraigned on January 27, 1985 and pled not guilty. On April 9, 1985, defendant was found guilty as charged by a six member jury. After waiving all delays, defendant was sentenced to two (2) years at hard labor. Defendant’s sentence was suspended and he was placed on five (5) years active probation with the special condition of probation that he make restitution to the victim.
FACTS:
On November 19, 1984, defendant, an account representative for Sights and Sounds T.Y. Rental, Inc., presented a rental application in the name of Michael Johnson for approval. The application was approved and a rental agreement for a Sanyo component was prepared. Defendant allegedly delivered the equipment that same day. When no rental payments were made, an employee was sent to the address listed on the application and rental agreement to collect the back rent or recover the equipment. When the employee arrived at the listed address, he discovered the location to be an empty lot. Further investigation by the company’s “skip tracer”, David Bou-dreaux, revealed the name and address were fictitious and defendant had falsified the application. Defendant was then charged and arrested for the theft of the equipment valued at $1,170.00.
Defendant appeals his conviction and sentence asserting the following specifications of error:
1) The trial court erred in barring defendant’s wife from testifying as to the substance of an alleged confession by defendant.
2) The trial court erred in barring defendant from testifying as to the questions asked him when he allegedly made a confession.
At trial, David Boudreaux, the “skip tracer” who discovered the discrepancies in the rental application, testified that he telephoned defendant to question him about the missing equipment. The district attorney asked Boudreaux if defendant made any statement to him in response to his questions. Defendant objected on grounds of hearsay. The court overruled the objection. Following a bench conference, Bou-dreaux was questioned further by the district attorney. Boudreaux testified that defendant stated that he knew where the equipment was located, but refused to return it. Boudreaux also testified that defendant admitted falsifying the application. No further objections were made by defendant.
Defendant called his wife, Pam White, to testify on his behalf. Mrs. White testified she heard the conversation between defendant and Boudreaux. Defendant then attempted to elicit testimony from her relative to the substance of the conversation and whether defendant confessed to Bou-dreaux. The district attorney objected on grounds of hearsay. Defendant argued it was in rebuttal to Boudreaux’s testimony and was therefore admissible. The court sustained the objection.
Defendant took the stand in his own behalf. He attempted to testify as to the substance of the questions Boudreaux asked him during their telephone conversation. The district attorney objected on grounds of hearsay. The court sustained the objection. The court allowed defendant to testify as to what he answered in response to Boudreaux’s questions but not as to the substance of Boudreaux’s questions. After a careful review of the testimony at trial, we find no errors in the rulings of the trial court.
Defendant correctly articulates the legal rule that hearsay evidence is inadmissible at trial. Hearsay evidence is testimony in *514 court of an out-of-court statement offered as an assertion to show the truth of the matter asserted, thus resting for its value upon the credibility of the out-of-court asserter. State v. Watson, 449 So.2d 1321 (La.1984), cert. den. Watson v. Louisiana, — U.S.-, 105 S.Ct. 939, 83 L.Ed.2d 952 (1985). A witness is competent to testify that a statement was made to him so long as no attempt is made to vouch for the credibility of its substance or content. State v. Watson, supra.
Defendant’s contention that the testimony he desired from both his wife and himself was not hearsay, but “rather to explain Boudreux’s questions and put his own answers into context” is without merit. Defendant was asked to testify as to what Boudreaux said to him for the truth of the matter and his wife was asked to describe the full extent of the conversation for the truth of its substance relative to a confession by defendant. There is no exception to the hearsay rule which would render this testimony admissible.
Boudreaux was subject to full cross-examination relative to what he said to defendant and defendant was given full opportunity to testify as to what he told Boudreaux. Defendant denied making any inculpatory statement and disclaimed making any admissions to Boudreaux. The credibility of witnesses is within the province of the trier of fact. State v. Bailey, 457 So.2d 94 (La.App. 4th Cir.1984). The jury chose to believe Boudreaux.
For the foregoing reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.
WARD, J., concurs with reasons.